# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER RAY CALVERT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 07-CV-714-TCK-FHM ) |
| WALTER DINWIDDIE, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner, a state prisoner appearing *pro se*. Respondent filed a response (Dkt. # 5) to the petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 5, 6, and 7). Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On January 26, 2005, at approximately 10 p.m., Crystal Dossman was accosted by a man armed with what appeared to be a handgun as she approached the stairway leading to her apartment located at 7704 S. Riverside Drive. At the time, Ms. Dossman was talking to her mother on her cell phone. The man held her with the gun in her side and demanded that she give him a ride to the Creek Nation Casino, located less than a mile away. Ms. Dossman refused to get in her car with the man and told her mother to call the police. The confrontation lasted about ten minutes. The man eventually fled, heading in the direction of the casino. A man fitting the description given to police by Ms. Dossman was apprehended at the casino. After being identified by Ms. Dossman as the man who accosted her, he was taken into custody at about 10:35 p.m. He was searched and a pocket knife was found in his pants. The casino's surveillance video showed the man standing beside the

air conditioning units for a second and then returning to the casino. After reviewing the surveillance video, security officers found a gun hidden beside the casino's air conditioning units. At about 12:05 a.m., Tulsa Police Officer Tory Dewitt recovered the gun found by the casino air conditioners. It was a Daisy Powerline CO2 BB gun. The man arrested that night in relation to these incidents was Petitioner Christopher Ray Calvert.

Based on those events, Petitioner was charged with Attempted Kidnapping (Count 1) and Use of an Offensive Weapon in the Commission of a Felony (Count 2), both After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2005-444. On September 13-15, 2005, Petitioner was tried by a jury. At the conclusion of trial, Petitioner was found guilty as charged. On September 19, 2005, Petitioner was sentenced in accordance with the jury's recommendation to twenty-five (25) years imprisonment on Count 1 and twenty (20) years imprisonment on Count 2, with the sentences ordered to be served consecutively. He was represented at trial by attorney David Phillips.

Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart W. Southerland, he raised the following five (5) propositions of error:

    Proposition 1: The evidence was insufficient to support a conviction for Attempted Kidnapping.

    Proposition 2: The jury was improperly instructed on the range of punishment for Use of an Offensive Weapon in the Commission of a Felony.

    Proposition 3: Appellant's convictions for both Attempted Kidnapping and Use of an Offensive Weapon in the Commission of a Felony constitute double punishment.

    Proposition 4: The prosecutor improperly asked the jury to sympathize with the victim.

> Proposition 5: Appellant's sentences are excessive and should be modified to concurrent terms.

See Dkt. # 5, Ex. 1. In an unpublished summary opinion filed October 31, 2006, in Case No. F-2005-930 (Dkt. # 5, Ex. 3), the OCCA denied relief and affirmed the Judgment and Sentence of the district court on both counts.

On June 21, 2007, Petitioner filed an application for post-conviction relief (Dkt. # 5, Ex 4). By order filed August 8, 2007, the state district court denied relief, recognizing three (3) propositions of error, as follows:

> Proposition 1: Petitioner was denied effective assistance of counsel at pre-trial and at trial.
>
> Proposition 2: Ineffective assistance of appellate counsel.
>
> Proposition 3: The accumulation of error in this case deprived Petitioner of due process and a fair trial.

See Dkt. # 5, Ex. 5. Petitioner filed a post-conviction appeal in the OCCA. By order filed November 7, 2007, in Case No. PC-2007-842 (Dkt. # 5, Ex. 6), the state appellate court affirmed the denial of post-conviction relief.

On December 26, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies six (6) grounds for relief, as follows:

> Ground 1: Petitioner was not provided effective assistance of counsel at trial and on direct appeal.
>
> Ground 2: The State presented insufficient evidence of Attempted Kidnapping as charged. As a result, Appellant's convictions on both counts must be reversed.
>
> Ground 3: The jury was improperly instructed as to the minimum range of punishment in Count Two, Possession of a Firearm While Attempting to Commit a Felony Offense.

Ground 4: Appellant's convictions for both Attempted Kidnapping and Use of an Offensive Weapon During an Attempt to Kidnap, when combined with the additional enhancement of his sentence pursuant to Title 21 O.S. § 51.1, violate both statutory and constitutional prohibitions against double punishment.

Ground 5: The prosecutor improperly asked the jury to sympathize with the victim of the alleged kidnapping that Appellant was charged with attempting to commit.

Ground 6: The sentence of 45 years is excessive. Under the specific facts of this case, Appellant's sentences should have been modified to concurrent terms.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 5.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted available state court remedies for his habeas corpus claims. See Dkt. # 27 at 2. The Court agrees and finds that the exhaustion requirement is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, a petitioner may obtain federal habeas relief from a state court's adjudication of a claim, only if the state decision "was contrary to, or involved an unreasonable

4

application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated Petitioner's claims asserted in grounds 2, 3, 4, 5, and 6 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of trial and appellate counsel (ground 1) on post-conviction appeal. To the extent Petitioner's claims are cognizable, they shall be reviewed pursuant to § 2254(d).

**1. Ineffective assistance of counsel (ground 1)**

As his first ground of error, Petitioner complains that trial and appellate counsel provided ineffective assistance. See Dkt. # 1. Specifically, he claims that trial counsel led him to believe that the prosecution would be required to prove the specific element of "secret" confinement, as required under the old kidnapping statute, Okla. Stat. tit. 21, § 741(1). The statute was amended, however, in 2004 to eliminate the "secret" confinement element. Petitioner claims that had the change in law been brought to his attention, he "would not have ever considered subjecting himself to a trial by jury." See Dkt. # 1. Petitioner also complains that trial counsel provided ineffective assistance during the plea-bargain process by failing to inform him of an eight-year offer. Id. As to his claim of ineffective assistance of appellate counsel, Petitioner alleges that his appellate counsel "failed to investigate and correct trial counsel's errors." Id.

5

On post-conviction appeal, the OCCA rejected Petitioner's claims of ineffective assistance of trial and appellate counsel, finding as follows:

> With regard to Petitioner's claims of ineffective assistance at all phases of his trial and appeal of his conviction, we find no basis for granting relief on this blanket claim of error. As we have noted on numerous occasions, appellate counsel's failure to raise every conceivable, non-frivolous issue on direct appeal does not automatically constitute ineffective assistance of counsel. *Carter v. State*, 1997 OK CR 22, ¶ 9-10; 936 P.2d 342, pp. 345-46. Rather, the standard to be used in evaluating rial and appellate counsel's performance is determined under the general principles enumerated in *Strickland v. Washington*, 466 U.S. 688, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2f 674, 694 (1984). Respondent must show that counsel's performance was deficient and that the deficiency prejudiced him. We find nothing in the appeal record presented to this Court indicating that Petitioner's representation pre-trial, at trial, and on direct appeal was deficient.

See Dkt. # 5, Ex. 6.

Petitioner is not entitled to habeas relief on his claims of ineffective assistance of trial and appellate counsel unless he demonstrates that the OCCA's adjudication of the claims on post-conviction appeal was an unreasonable application of the two-pronged standard announced in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

6

unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

### a. trial counsel's alleged failure to advise of amendment to statute

Petitioner was convicted of Attempted Kidnapping under Okla. Stat. tit. 21, § 741(1). At trial, he relied on the defense of misidentification. He now argues that trial counsel provided ineffective assistance when he failed to inform him that the relevant statute, Okla. Stat. tit. 21, § 741(1), had been amended and no longer required the State to prove that he had "secretly confined" the victim. He claims that had he known that the statute had been amended, he "would not have ever considered subjecting himself to a trial by jury." See Dkt. # 1.

Petitioner is correct that the relevant statute was amended effective July 2004. Prior to July of 2004, the Kidnapping statute provided as follows:

> Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another with intent, either:
>
> First. To cause such other person to be <u>secretly</u> confined or imprisoned in this state against his will; or
>
> Second. To cause such person to be sent out of this state against his will; or
>
> Third. To cause such person to be sold as a slave, or in any way held to service against his will . . . .

Okla. Stat. tit. 21, § 741(1)-(3) (2001) (emphasis added). Effective July 1, 2004, the statute was amended to delete the word "secretly" and to make the wording gender neutral. Although the effective date of the amendment preceded the incident giving rise to the crimes for which Petitioner was convicted, Petitioner was charged under the pre-amendment version of the statute and the jury instruction issued by the trial court used the pre-amendment language. Thus, Petitioner was convicted under the higher standard requiring the State to prove that he had "secretly confined" the victim. As a result, even if counsel performed deficiently in failing to advise Petitioner that the statute had been amended, Petitioner cannot prove that he suffered prejudice. His claim of

8

ineffective assistance of trial counsel fails under Strickland and, for that reason, lacks merit. He has not demonstrated that the OCCA's adjudication of his claims of ineffective assistance of trial and appellate counsel resulted in an unreasonable application of Strickland. He is not entitled to habeas corpus relief on these claims of ineffective assistance of trial and appellate counsel.

### b. trial counsel's alleged failure to inform Petitioner of plea offer

Petitioner also claims that trial counsel failed to inform him of an 8-year plea offer made by the prosecution. In support of this claim, Petitioner provides his own affidavit,[1] a letter to Petitioner from trial counsel, and a letter to Petitioner from appellate counsel. See Dkt. # 9, attachments. The letters support Petitioner's claim that several plea offers were made, including one for 8 years. Although Petitioner acknowledges that counsel informed him of numerous other offers, including 25 years, 15 years and 12 years, he claims he was never told about an offer for 8 years. See id., attached affidavit. Without any supporting evidence, he alleges that he told his attorney he would accept an offer of less than 10 years. As stated above, the OCCA denied relief on this claim finding nothing in the record supported Petitioner's claim that his pre-trial representation was deficient.

The plea bargaining process is a critical stage of a criminal prosecution. Williams v. Jones, 571 F.3d 1086, 1090-91 (10th Cir. 2009) (citing Nunes v. Mueller, 350 F.3d 1045, 1053 (9th Cir. 2003); Iowa v. Tovar, 541 U.S. 77, 81 (2004) (entry of the guilty plea is a critical stage of the criminal process); Burger v. Kemp, 483 U.S. 776, 803-04 (1987) (pretrial plea negotiations are a critical stage of the criminal process)). Accordingly, the Sixth Amendment applies to representation during the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985); Jiminez v. State, 144 P.3d 903, 905 (Okla. Crim. App. 2006) ("Although we have no published case declaring this point of law, the

---

[1] Petitioner's affidavit is not notarized.

right to effective counsel guaranteed by the Sixth and Fourteenth Amendments and Article 2, § 20 of the Oklahoma Constitution protects a criminal defendant from objectively deficient representation by defense counsel in connection with the plea bargaining process."). State and federal courts applying the Strickland standard in cases analogous to this case have consistently held that counsel's failure to convey meaningfully a plea offer to the defendant is inconsistent with prevailing professional norms. See e.g., United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (citing cases); Barentine v. United States, 728 F.Supp. 1241, 1251 (W.D. N.C. 1990) (citing cases and holding that "federal courts have been unanimous in finding [defense counsel's failure to inform the defendant of a plea offer] constitutes a violation of the defendant's Sixth Amendment constitutional right to effective assistance of counsel"); Jiminez, 144 P.3d at 905. In addition, the ABA Standards of Criminal Justice provide in relevant part,

> (a) Defense counsel should keep the defendant advised of developments arising out of plea discussions conducted with the prosecuting attorney, and should promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney.
> 
> * * *
> 
> (c) Defense counsel should conclude a plea agreement only with the consent of the defendant, and should ensure that the decision whether to enter a plea of guilty or nolo contendere is ultimately made by the defendant.

ABA III, Standards of Criminal Justice, 14-3.2 (3d ed. 1999). Under Strickland, the ABA standards are only to provide guidance. Strickland, 466 U.S. at 688. Nonetheless, the cited standards support the conclusion that, accepting Petitioner's allegations as true, trial counsel performed deficiently in failing to communicate the State's plea offer of 8 years to Petitioner in a timely manner.

However, Petitioner must also satisfy the prejudice prong of the Strickland standard. To establish prejudice, Petitioner must demonstrate "a reasonable probability that the defendant would have accepted the offer if it had been timely communicated." Jiminez, 144 P.3d at 907; People v.

10

Perry, 68 P.3d 472, 477 (Colo. App. 2002) (citing Blaylock, 20 F.3d at 1466-67, and United States ex rel. Caruso v. Zelinsky 689 F.2d 435 (3d Cir. 1982)). In light of the record in this case, the Court finds Petitioner has not demonstrated a "reasonable probability" that he would have accepted the offer if it had been timely communicated.

The trial transcript reflects that on the second day of trial, September 14, 2005, prior to completion of *voir dire*, Petitioner's attorney, David Phillips, made a record reflecting that Petitioner had refused the State's plea offer of 12 years and decided to proceed with a jury trial against counsel's advice. See Dkt. # 7, Tr. Trans. at 59-60. The record reflects the following exchange:

> MR. PHILLIPS: I've had extensive conversations with Mr. Calvert about going to trial in this matter, and I'd just like to put on the record that I do advise him that this is against my advice that he go to trial in this particular matter. I believe that he had an offer, may not be the best offer in the world, but that he is facing a minimum of 26 years, and under the facts and circumstances of this case, I feel that it's not in his best interests to go to trial in this particular case.
>
> THE COURT: And you've told me an offer has been conveyed to him. What's that?
>
> MR. PHILLIPS: Twelve years, Your Honor.
>
> THE COURT: And –
>
> MR. PHILLIPS: It would have required that there only be one on the second page. Everything would have had to have been dropped except for one on the second page.
>
> THE COURT: You understand that to be the offer, Mr. Calvert, and you are choosing to reject that and you want to go to trial; is that true?
>
> THE DEFENDANT: I understood an offer, an opportunity of ten.
>
> THE COURT: No. I don't know if that's – we're not going down memory lane. The offer today apparently is 12 years striking the second page all but one former conviction, $500 fine, 250 VCF, and the like. So that's the offer today from the State of Oklahoma should you choose to plead guilty.

>           THE DEFENDANT:  Okay.  I understand.
>
>           THE COURT:       And you want to continue the trial; is that true?
>
>           THE DEFENDANT:  Yes, sir.

(Dkt. # 7, Tr. Trans. at 59-60).  At that point, Petitioner's jury trial resumed.  After the State rested, Petitioner testified in his own defense and claimed it was a case of misidentification.  See id. at 237.

In light of Petitioner's defense of misidentification and his refusal to accept the plea offer of 12 years, against the advice of counsel, the Court finds no reasonable probability that Petitioner would have accepted a plea offer of 8 years had the offer been made known to Petitioner in a timely manner. Trial counsel advised Petitioner of the likely sentence he faced if convicted by a jury and strongly encouraged him to accept the plea offer of 12 years. Petitioner refused.  Now that he has been convicted on both counts and sentenced near the statutory minimum, Petitioner obviously regrets having refused the plea offer.  However, he has not demonstrated a reasonable probability that he would have accepted an offer of 8 years during pre-trial plea negotiations.  Petitioner has failed to satisfy the prejudice prong of the Strickland standard.  As a result, he has failed to demonstrate that the OCCA's adjudication of his claims of ineffective assistance of trial and appellate counsel resulted in an unreasonable application of Strickland.  He is not entitled to habeas corpus relief on this claim.

**2. Insufficient evidence of Attempted Kidnapping**

As his second ground of error, Petitioner alleges that the State presented insufficient evidence to support his conviction for Attempted Kidnapping. On direct appeal, the OCCA denied relief on this claim, finding as follows:

> [T]he testimony showed that Appellant threatened the victim at gunpoint to drive him to a particular location, and that she refused. The evidence was sufficient to convince a rational juror that Appellant attempted to seize or confine the victim with the intent to hold her to service against her will.

(Dkt. # 5, Ex. 3 (citations omitted)).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Both direct and circumstantial evidence are considered in

13

determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of Attempted Kidnapping applicable to the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; Jackson, 443 U.S. at 324 n.16. Based on the crime charged in the information, see Dkt. # 7, Tr. Trans. at 138, the State was required to prove that Petitioner, without lawful authority, attempted to forcibly seize and confine Crystal Dossman, with intent to secretly confine her against her will. See Okla. Stat. tit. 21, § 741(1) (2001). On direct appeal, Petitioner argued that because the incident took place in a public parking area of an apartment complex, the evidence was insufficient to demonstrate that Petitioner attempted to "secretly confine" Ms. Dossman as charged. See Dkt. # 5, Ex. 1 at 4-8. In rejecting this claim, the OCCA cited Pittser v. State, 461 P.2d 1015, 1016 (Okla. Crim. App. 1969).

14

In that case, the OCCA rejected a similar argument and emphasized that "forcing a person to ride in an automobile is sufficient to sustain a verdict of guilty for kidnapping." Id.

The jury heard Crystal Dossman testify that on January 26, 2005, Petitioner approached her near the steps to her apartment, put his left arm around her, held a gun to her side and demanded that she get in her car and drive him to the Creek Nation Casino. See Dkt. # 7, Tr. Trans. at 145-50. Ms. Dossman screamed and refused to get in the car with him. Id. at 148-49. The Court finds that evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of Attempted Kidnapping, as recognized under Oklahoma law, beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). The Court finds habeas corpus relief shall be denied on this claim.

### 3. Improper enhancement as to Count 2

As his third ground of error, Petitioner complains that the jury was improperly instructed on the range of punishment for Count 2, Possession of a Firearm While Attempting to Commit a Felony Offense. See Dkt. # 1. He contends, as he did on direct appeal, that a conviction under Okla. Stat. tit. 21, § 1287, is not subject to being enhanced under Okla. Stat. tit. 21, § 51.1. See Dkt. # 5, Ex. 1 at 10. The OCCA rejected this claim, finding that "[t]he 2001 amendments to § 51.1 specifically

15

made the crime defined in 21 O.S. § 1287 enhanceable with a defendant's prior felony convictions. See 21 O.S.2001, § 51.1(A), (B); 57 O.S.2001, § 571(2)(dd)." (Dkt. # 5, Ex. 3).

Petitioner's challenge to his sentencing enhancement does not sound in habeas. Before this court, Petitioner relies exclusively on state law; he does not allege a constitutional violation or other violation of federal law. See Dkt. # 1. Therefore, his claim is not cognizable in this habeas corpus proceeding. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (errors of state law alone are not cognizable in habeas). Petitioner is not entitled to habeas corpus relief on this claim.

**4. Statutory and constitutional violations of prohibitions against double punishment**

In ground 4 of his petition, Petitioner alleges that his convictions on both Counts 1 and 2, when combined with the enhancement of his sentence under Okla. Stat. tit. 21, § 51.1, violate both statutory and constitutional prohibitions against double punishment. See Dkt. # 1. On direct appeal, the OCCA rejected this claim, finding as follows:

> [W]hether multiple punishments from a single criminal transaction are improper is a matter of legislative intent. *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *Ellis v. State*, 1992 OK CR 25, ¶ 30, 834 P.2d 985, 991; *Davis v. State*, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 127; 21 O.S.2001, § 11. The plain language of 21 O.S. § 1287 evinces a legislative desire to exact additional punishment when a crime is facilitated by the use of an offensive weapon. Appellant's use of an offensive weapon to threaten the victim into submission was not already a necessary component of the crime Attempted Kidnapping. *Compare Grace v. Harris*, 1971 OK CR 219, ¶ 7, 485 P.2d 757, 760. Therefore, § 1287 demands additional punishment independent of the crime committed or attempted with the weapon.

(Dkt. # 5, Ex. 3).

To the extent Petitioner claims that he has suffered multiple punishments in violation of Oklahoma statutory law, Okla. Stat. tit. 21, § 11, the Court finds the claim should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to

review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief on a constitutional claim of double punishment. The double jeopardy clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). In rejecting Petitioner's double punishment claim on direct appeal, the OCCA cited, *inter alia*, Missouri v. Hunter, 459 U.S. 359, 368 (1983), and determined that the "plain language" of Okla. Stat. tit. 21, § 1287, "evinces a legislative desire to exact additional punishment when a crime is facilitated by the use of an offensive weapon." See Dkt. # 5, Ex. 3. As discussed in Hunter, a habeas court is bound to accept a State court's construction of its own statutes. Hunter, 459 U.S. at 368 (citing O'Brien v. Skinner, 414 U.S. 524, 531 (1974)).

In addition, a single act may form the basis for the prosecution of two distinct statutory offenses whenever conviction for each offense requires the proof of a fact that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932); Anderson v. Mullin, 327 F.3d 1148, 1153-

54 (10th Cir. 2003); Goldsmith v. Cheney, 447 F.2d 624, 627-28 (10th Cir. 1971). In this case, the two crimes for which Petitioner was convicted required proof of different facts. Specifically, as determined by the OCCA, proof that Petitioner used an offensive weapon to threaten Ms. Dossman into submission was not required to prove the crime of Attempted Kidnapping. Separate convictions for those crimes do not violate the double jeopardy clause. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. Therefore, his request for habeas corpus relief shall be denied. 28 U.S.C. § 2254(d).

**5. Prosecutorial misconduct**

In ground 5 of his petition, Petitioner alleges that during closing argument, the prosecutor improperly asked the jury to sympathize with the victim of the alleged attempted kidnapping. See Dkt. # 1. In denying relief on this claim on direct appeal, the OCCA held that "it was not improper for the prosecutor to ask the jury to consider the effect of the crime on the victim, specifically for the purpose of assessing an appropriate sentence." (Dkt. # 5, Ex. 3 (citation omitted)).

Prosecutorial misconduct gives rise to federal habeas corpus relief only when such misconduct either violated a specific constitutional right or "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Hamilton v. Mullin, 436 F.3d 1181, 1187 (10th Cir. 2006). To determine whether a trial is rendered fundamentally unfair, the court examines the entire proceeding, "including the strength of the evidence against the petitioner . . . as well as [a]ny cautionary steps-such as instructions to the jury-offered by the court to counteract improper remarks." Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted). "'[I]t is not enough that

18

the prosecutors' remarks were undesirable or even universally condemned.'" Id. (alteration in original) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). "The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." Id.

Upon examination of the record in this case, the Court finds that the OCCA's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Petitioner has failed to establish that his trial was rendered fundamentally unfair or that his constitutional rights were otherwise infringed. The Court notes that defense counsel objected to the prosecutor's comments, but his objections were overruled. See Dkt. # 7, Tr. Trans. at 267. In addition, the prosecutor's comments were based on the evidence and not merely appeals for sympathy. In the context of the entire trial, the prosecutor's comments would have had little impact. Duvall v. Reynolds, 139 F.3d 768, 795 (10th Cir. 1998). Therefore, Petitioner is not entitled to habeas corpus relief on his claim of prosecutorial misconduct.

**6. Excessive sentence**

In his final ground of error, Petitioner claims that his consecutive sentences totaling 45 years are excessive and requests that his sentences be modified to be served concurrently. The OCCA held that "the sentence imposed on Count 1 was close to the minimum, and the sentence imposed on Count 2 was the minimum. Given Appellant's criminal history, we cannot say the sentences are shocking to the conscience." (Dkt. # 5, Ex. 3 (citation omitted)).

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence

is within the limitation set by statute." Id. In this case, because Petitioner had been previously convicted of more than two felonies, he was subject to a minimum of twenty years in prison on each count. See Okla. Stat. tit. 21, § 51.1(B). Thus, the sentences imposed were within the limitations of Oklahoma law. There is no basis for habeas relief.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate judgment shall be entered in this matter.

**DATED** this 18th day of March, 2011.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE